# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  November 1, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| SHEILA YAGODZINSKI, | * | |
| | * | No. 16-1235V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Myles Dell Jacobson, Law Office of Myles Jacobson, Northampton, MA, for petitioner.
Adriana Teitel, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On September 30, 2016, Sheila Yagodzinski ("petitioner") filed a petition in the National Vaccine Injury Compensation Program[2] alleging that she suffers from Mast Cell Activation Disorder ("MCAD") as a result of an influenza vaccination she received on October 11, 2013. Petition at Preamble.  On August 16, 2017, the undersigned issued a decision based on the parties' stipulation in which petitioner was awarded a lump sum of $120,000.00.  Decision dated August 16, 2017 (ECF No. 31).

On September 1, 2017, petitioner filed a motion for attorneys' fees and costs, requesting a total of $24,977.50 in attorneys' fees for his attorney, Mr. Myles Jacobson, and $400.00 in

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

petitioner's costs.[3]  Petitioner's Application ("Pet. App.") dated September 1, 2017 (ECF No. 35) at 1.  On September 11, 2017, respondent filed a general response in which he left the determination of the appropriate amount of attorneys' fees and costs to the undersigned's discretion.  Petitioner did not file a reply.

Petitioner's motion for attorneys' fees and costs is now ripe for adjudication.  For the following reasons, the undersigned GRANTS petitioner's motion for fees and costs and awards $23,728.62 in attorneys' costs and $400.00 in petitioner's costs.

### I.  Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).

#### a.  Reasonable Hourly Rate

##### i.  Attorney Jacobson

Mr. Jacobson requests $350.00 per hour for work performed in 2016 and 2017.  Pet App., Tab A at 17.  Mr. Jacobson began practicing law in 1977 and had his first vaccine case in 2007.  Pet. App. at 1.  He has since been attorney of record in two other vaccine cases, including this case.  His request of $350.00 per hour falls within the accepted ranges put forth in the Office of Special Masters' Hourly Rate Fee Schedules for 2015-2017.[4]  The undersigned thus finds Mr. Jacobson's rate reasonable and compensates him at $350.00 per hour for 2016 and 2017.

##### ii.  Paralegal

Petitioner also requests $75.00 per hour for work performed by paralegal "S. Schick" in 2016 and 2017.  Pet. App., Tab B at 14.  Petitioner did not provide any additional details about the paralegal or his/her qualifications.  Because the paralegal's rate falls within the Office of Special Masters' Hourly Rate Fee Schedules for 2016-2017, the undersigned compensates the paralegal at this rate.

---

[3] On October 23, 2017, petitioner filed additional documentation in support of her motion for attorneys' fees and costs.  This documentation included a statement in accordance with General Order #9, clarifying that Ms. Yagodzinski's costs were limited to the $400.00 that she paid for the filing fee.  Additional Documentation dated Oct. 23, 2017 (ECF No. 39).  Petitioner's filing also noted that her attorney's costs "were limited to internal copying costs – for which he is not seeking reimbursement."  Id.

[4] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Hourly Rate Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

### b.  Reasonable Hours Expended

While petitioner is entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by counsel is appropriate for duplicative billing, specifically with regard to intra-office communication, vagueness, and billing for administrative work.  In making reductions, a line-by-line evaluation of the fee application is not required.  Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Id.  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to to use their prior experience in reviewing fee applications."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i.  Attorney Jacobson

After closely reviewing the billing records, the undersigned finds that a reduction to Mr. Jacobson's bill is warranted due to the vague, excessive, and duplicative billing entries for meetings with his paralegal, who also billed for many of the same meetings.  Mr. Jacobson billed at least 4.8 hours, amounting to over $1,600.00, for holding conferences with his paralegal.  Pet. App., Tab A at 1-5, 7-10.  For example, on September 16, 2017, Mr. Jacobson billed .5 hours to "discuss documents to file," with his paralegal.  Id. at 3.  He billed .2 hours on September 26, 2016, for "conf. w/ paralegal re: SY issues."  Id. at 5.  On December 19, 2016, he billed .3 hours for "conference w/ SS re: facts."  Id. at 9.  Many of the billing entries for these conferences are so vague that it is not clear what was being discussed or why the conferences were necessary.  Without further explanation the undersigned finds these entries vague and excessive.  The entries are also duplicative in nature, as both Mr. Jacobson and his paralegal billed for the same meetings.

The undersigned has previously found it reasonable to reduce attorneys' fees awards due to vague, duplicative and excessive billing.  See Mostovoy v. Sec'y of Health & Human Servs., 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016).  Other special masters as well as the undersigned have reduced fee awards for excessive and duplicative intraoffice communication.  See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan 31, 2013); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

### ii.  Paralegal "SS"

As discussed above, the undersigned finds that a reduction to petitioner's fee application is reasonable due to the duplicative nature of the billing for meetings between Mr. Jacobson and

3

his paralegal. Similar to Mr. Jacobson, the paralegal billed over five hours of time to talk with Mr. Jacobson about the case. Pet. App., Tab B at 1, 3-13.

Additionally, the undersigned also finds that an adjustment to petitioner's fee application is warranted due to a number of vague billing entries as well as administrative work performed by the paralegal. For example, on September 12, 2016, the paralegal billed one hour of time to "review recent cases." Pet. App., Tab B at 3. Without additional information regarding what the paralegal reviewed, the undersigned cannot discern whether this work was necessary.

The undersigned also finds it reasonable to reduce petitioner's fee application for the administrative time billed by the paralegal. The paralegal billed at least 12 hours of time for work that is administrative in nature. Pet. App., Tab B at 6-12. This includes time billed for filing documents, creating PDF files, Bates stamping exhibits, creating CDs, mailing packages, and scanning documents on a high resolution scanner. Id.

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

As discussed above, the undersigned has previously reduced attorneys' fees and costs awards for vague billing entries. Mostovoy, 2016 WL 720969. Moreover, billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"). The undersigned routinely reduces attorneys' fees and costs applications for billing for administrative work. Mostovoy, 2016 WL 720969, at *5; Bondi v. Sec'y of Health & Human Servs., No. 12-476V, 2017 WL 1046526 (Fed. Cl. Spec. Mstr. Feb. 23, 2017); Raymo v. Sec'y of Health & Human Servs., No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016).

For these reasons, the undersigned reduces petitioner's fee application by five percent, or $1,248.88.

## II. Reasonable Costs

Petitioner requested reimbursement of $400.00 for the filing fee. This request is GRANTED. On October 23, 2017, petitioner's counsel filed additional documentation in support of his motion for attorneys' fees and costs stating that his costs "were limited to internal copying costs[,] for which he is not seeking reimbursement." Additional Documentation dated Oct. 23, 2017 (ECF No. 39).

## III. Conclusion

The undersigned has reviewed petitioner's application for attorneys' fees and costs and

finds that petitioner is entitled to reimbursement as follows:

| | |
|---|---|
| Attorneys' Fees Requested: | $24,977.50 |
| 5 % Reduction for Inappropriate Billing: | ($1,248.88) |
| Awarded: | $23,728.62 |
| | |
| Petitioner's Costs Requested: | ($400.00) |
| Reductions: | ($0.00) |
| Awarded: | $400.00 |

**Accordingly, the undersigned awards:**

(1) **A lump sum of $23,728.62, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Ms. Sheila Yagodzinski, and petitioner's attorney, Mr. Myles Jacobson.**

(2) **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Ms. Sheila Yagodzinski.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.